**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------X

ANNLUCILLE  HENNESSY,

|  |  |  |
|---|---|---|
| | Plaintiff, | Case No.: _____ |
| -against- | | **COMPLAINT** |
| FAIRVIEW OWNERS CORP., | | **PLAINTIFF DEMANDS** |
| | | **A TRIAL BY JURY** |
| | Defendants. | |

------------------------------------------------------------------------X

Plaintiff, Annlucille Hennessy, by her attorney, Jesse C. Rose, Esq. of The Rose Law Group PLLC, hereby brings this action against the Defendants, upon information and belief, as follows:

### NATURE OF THE CASE

1. Plaintiff complains pursuant to the Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166) ("Title VII"), seeking declaratory and injunctive relief and damages to redress the injuries Plaintiff has suffered as a result of being **discriminated** against on the basis of her **gender and religion.**

2. Plaintiff also complains pursuant to the New York City Human Rights Law ("NYCHRL") due to sexually harassment claims and discriminating against her on account of her gender, religion and retaliating against her for complaining about sexual comments and other harassing actions.

3. Plaintiff also complains pursuant to the New York Labor Law § 740 as she was retaliated against for reporting unsafe working conditions which created a threat to the health and wellbeing of the public and which is otherwise protected by law and New York Labor Law.

4. Plaintiff also complaints pursuant to the New York Labor Law § 215 as she was retaliated

against for making a complaint regarding activity by Defendant which she had a good faith belief violated the New York Labor Law.

## JURISDICTION AND VENUE

5. Jurisdiction of this Court is proper under 42 U.S.C. § 2000e-5(f)(3), and 28 U.S.C. §§ 1331 and 1343. The Court has supplemental jurisdiction over the claims of Plaintiff brought under the New York Labor Law and New York City law pursuant to 28 U.S.C. § 1367.

6. Venue is proper in this district based upon Defendant being within the City of New York and existing within the Eastern District of New York. 28 U.S.C. §1391(b).

## PARTIES

7. That at all times relevant hereto, Plaintiff Annlucille Hennessy ("Hennessy") was a resident of the State of New York and Queens County.

8. That at all times relevant hereto, Defendant Fairview Owners Corp. is a domestic business corporation duly existing pursuant to, and by virtue of, the laws of the State of New York.

9. That at all times relevant hereto, Defendant Fairview's principal place of business is located at  61-20 Grand Central Pkwy # 1, Flushing, NY 11375.

10. That at all times relevant hereto, Plaintiff Hennessy was an employee for Defendant Fairview Owners Corp.

11. Upon information and belief, Defendant Fairview had fifteen (15) or more employees during all relevant times.

## MATERIAL FACTS

12. Plaintiff Hennessy is a female.

13. Plaintiff Hennessy began working for Defendant Fairview on June 15, 2015 as an Administrative Assistant in their management office.

14. Plaintiff Hennessy was hired to oversee the work of all employees as well as handle their time

sheets and scheduling.

15.   Throughout her employment, Plaintiff Hennessy reported to building manager Gregory
Carlson. Plaintiff Hennessy also worked closely with Local 32 Union members employed by
Defendant.

16.   Throughout her employment, Plaintiff Hennessy was the only female employee.

17.   Plaintiff Hennessy worked tirelessly and her work product was excellent. At no time did
Defendants criticize her work product or discipline her.

18.   Plaintiff Hennessy only began running into issues with Local 32 members after complaining
to Building Manager Mr. Carlson and the Board of Directors about unsafe work conditions
and harassment.

19.   On April 28, 2016, Plaintiff Hennessy was injured by a door with a metal deadbolt lock. It
was ultimately found that it was due to a failed mandatory door check. Plaintiff Hennessy
sustained an injury because of this incident and had to visit the emergency room.

20.   After making complaints about unsafe work conditions, Plaintiff Hennessy noticed a
significant change in her relationship with male coworkers. They often spoke rudely about
her and disliked that a female had the authority to tell them how to do their job. They
refused to work with her in order to make her job more difficult and set her up for failure.

21.   In the Spring of 2017, Defendant began installing a cogeneration unit. Upon information and
belief this installation required asbestos abatement and measures to be taken to protect both
employees and the members of the general public while they ran the appropriate utilities.

22.   In July of 2017, solar panels were being installed on the property. This project was expected
to take several months, beginning in July and ending in October of 2017.

23.   Throughout the time that Plaintiff Hennessy worked there during these projects she witnessed
Defendant's employees failing to follow several safety policies.

24.     Plaintiff Hennessy complained to both Building Manager Mr. Carlson and other board members about illegal paint thinners, smoke, dust in the workplace, and harsh smells coming from the basement. Each of these issues, upon information and belief, posed a threat to the public's health and well-being and/or were prohibited by the New York Labor Law's provisions requiring that employers provide reasonable and adequate protection to the lives, health and safety of all persons employed within the workplace.

25.     Mr. Carlson assured her that it was legal and that the company had all the proper permits, however, Plaintiff Hennessy reasonably believed that the exposure to these chemicals, smoke, and asbestos were not in compliance with the law.

26.     On one occasion, Plaintiff  Hennessy complained about heavy smoke in the workplace, on that same day the Fire Department was called to inspect the situation.

27.     During this time Local 32 members, Superintendent Mr. Hernandez, Assistant Superintendent Mr. Westby, handyman Mr. Molina, and doorman Tony refused to work with Plaintiff.  On multiple occasions, Plaintiff Hennessy walked in on them speaking rudely of her. They referred to her as "bitch" in most conversations. On one instance she overheard them stating they would "not listen to some girl."

28.     On several instances, they showed their middle finger to Plaintiff.

29.     Plaintiff Hennessy practices the Catholic religion. On July 7, 2017, upon information and belief, a Local 32 member placed a religious sticker on Plaintiff Hennessy's car. The sticker read, "Jesus is the Answer." The sticker was only placed on Plaintiff's car and is believed to be an act done to mock Plaintiff's religious beliefs.

30.     When Local 32 members witnessed Plaintiff  Hennessy finding the sticker they began to laugh and talk among themselves. Plaintiff Hennessy was able to remove the sticker but it left glue residue that remained. Plaintiff Hennessy complained about the incident and was told that

cameras would be installed in the garage. Upon information and belief, no cameras were installed.

31.    On September 21, 2017, Plaintiff Hennessy voiced her concerns to Mr. Carlson regarding negligent building procedures, hazardous work conditions, as well as harassment by Local 32 members on account of her gender. Mr. Carlson promised to speak to these individuals but, upon information and belief, he never did.

32.    On several occasions, tenants confronted Plaintiff Hennessy to inform her that the staff, including Superintendent Mr. Hernandez, Assistant Superintendent Mr. Westby, handyman Mr. Molina, and doorman Tony, were all making offensive and inappropriate comments about Plaintiff Hennessy which were, upon information and belief, related to or on account of her gender.

33.    On October 13, 2017, over a phone call with NY Sanitation Supervisor Sal Macaluso, he revealed to Plaintiff Hennessy that Superintendent Hernandez and handyman Molina were mocking her and both made the comment that Plaintiff "needs some loving".

34.    Plaintiff complained to Mr. Carlson's Assistant Nick Zaccarelli about this remark, which was directed at her gender and constituted sexual harassment, but Mr. Zaccarelli simply smiled and did not take any action.

35.    On October 16, 2017, Plaintiff visited Mr. Carlson in order to discuss what Mr. Macaluso told her and what would happen in order to resolve the issue. Mr. Carslon agreed that he would speak to the individuals and that their behavior and sexually explicit comments are a form of sexual harassment.  He then followed this comment by stating that Plaintiff was "nice looking and attractive woman" in order to justify the behavior of Local 32 members.

36.    When Plaintiff quickly asked what he meant, at a loss of words Mr. Carlson simply said, "you are the only woman here and stuff." Plaintiff was upset at his response to her complaints and

5

mishandling of all her complaints. She immediately left to call her husband and inform him of what happened.

37. When Plaintiff returned she handed her keys to Mr. Carlson and explained she could no longer work in an environment that condoned this type of behavior.

38. Upon information and belief, no reasonable person would have continued to work in a setting where derogatory comments and frequent harassment are accepted and encouraged.

39. Plaintiff was the only female in an all-male setting and frequently felt she was harassed because of her gender. Plaintiff was also the victim of harassment because of her complaints of unsafe work conditions.

40. Because of the acts and conduct complained of herein, Plaintiff has suffered a loss of income, bonus, benefits, and other compensation that such employment entails. Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has further experienced emotional, mental and physical distress.

41. As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands Punitive Damages as against the Defendant.

## AS A FIRST CAUSE OF ACTION
## FOR DISCRIMINATION UNDER TITLE VII

42. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

43. This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e et seq., for relief based upon the unlawful employment practices of the above-named Defendants. Plaintiff complains of Defendants' violation of Title VII's prohibition against discrimination in employment based, in whole

or in part, upon an employee's race and gender.

44.    Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e et seq., by discriminating against Plaintiff because of her gender and religion and in retaliation for her complaints of discrimination.

### AS A SECOND CAUSE OF ACTION FOR DISCRIMINATION
### UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

45.    Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

46.    The Administrative Code of City of NY § 8-107 [1] provides that, "It shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

47.    Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code §8-107(1)(a) by creating and maintaining discriminatory working conditions which created a hostile work environment for Plaintiff because of her gender and religion and in retaliation for her complaints of discrimination.

### AS A THIRD CAUSE OF ACTION FOR DISCRIMINATION
### UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

48.    Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

49.    New York City Administrative Code Title 8-107(13) **Employer liability** for discriminatory conduct by employee, agent or independent contractor.

   a.    An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than

subdivisions one and two of this section.

b.  An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where:

  i.  the employee or agent exercised managerial or supervisory responsibility; or

  ii.  the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or

  iii.  the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

c.  An employer shall be liable for an unlawful discriminatory practice committed  by a person employed as an independent contractor, other than an agent of such employer, to carry out work in furtherance of the employer's business enterprise only where such discriminatory conduct was committed in the course of such employment and the employer had actual knowledge of and acquiesced in such conduct

50.  Defendant violated the section cited herein as set forth.

### AS AND FOR A FOURTH CAUSE OF ACTION
### VIOLATION OF NEW YORK LABOR LAW (retaliation)

51.  Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

52.  Plaintiff complained to Defendants about their ongoing exposure to her and members of

the public to smoke, chemicals, and other dangerous pollution that caused a substantial and specific danger to the public health and safety.

53.     These complaints were also relating to a violation of the New York Labor Law which requires that employers provide adequate protection to the lives, health and safety of all persons employed therein.

54.     Defendants then retaliated against Plaintiff by harassing her and terminating her employment.

55.     This action violates the New York Labor Law § 740 and § 215.

56.     As a result of this violation, Plaintiff has suffered and continues to suffer loss of wages, benefits and emotional damages for which Defendant is liable.

57.     Plaintiff is further entitled to reinstatement should she elect it, liquidated damages, injunctive relief and attorneys' fees and costs.

## **INJURY AND DAMAGES**

58.     As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of a career and the loss of a possible salary, bonuses, benefits and other compensation which such employment entails, out-of-pocket expenses and Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, injury to her reputation, loss of enjoyment of life, and other non-pecuniary losses.  Plaintiff has further experienced emotional and physical distress.

## **JURY DEMAND**

59.     Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendant:

A.      Declaring that Defendant engaged in unlawful employment practices prohibited by Title VII, the New York City Human Rights Law, and the New York Labor Law by discriminating against and retaliating against Plaintiff solely on the basis of her gender,

9

religion and protected activity;

B.      Awarding damages to Plaintiff for all lost wages and benefits resulting from Defendants' unlawful discrimination and to otherwise make her whole for any losses suffered as a result of such unlawful employment practices;

C.      Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to her reputation in an amount to be proven;

D.      Awarding Plaintiff punitive damages;

E.      Awarding Plaintiff attorney's fees, costs, and expenses incurred in the prosecution of the action;

F.      Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendant's unlawful employment practices.

Dated: Astoria, New York
       June 11, 2018

_____
Jesse C. Rose
The Rose Law Group PLLC
3109 Newtown Avenue
Suite 309
Astoria, New York 11102
(718)989-1864